IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| THOMAS GORE | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:16cv93 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Thomas Gore, through counsel, filed the above-styled motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Factual Background

In 2009, pursuant to a plea of guilty, movant was convicted of possessing a firearm after having been convicted of felony. He was sentenced to 180 months of imprisonment. The conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit. *United States v. Gore*, 636 F.3d 728 (5th Cir. 2001).

Movant subsequently filed a motion to vacate, set aside or correct sentence. The motion to vacate was dismissed on February 4, 2013. On May 16, 2016, the Fifth Circuit authorized movant to file a second or successive motion to vacate.

Discussion

The Presentence Investigation Report ("PSR") revealed that movant had four prior felony convictions: (a) a conviction for conspiracy to commit aggravated robbery; (b) a conviction for possession of a controlled substance with the intent to deliver and (c) two convictions for delivery of a controlled substance. The Armed Career Criminal Act ("ACCA") provides that a person convicted of possessing a firearm after having been convicted of a felony is subject to a mandatory

minimum sentence of 15 years of imprisonment if he has three prior convictions for a violent felony or a serious drug offense. Such a person is considered to be an armed career criminal.[1] A "violent felony" is defined as any crime punishable by imprisonment for a term exceeding one year that: (i) has as an element the use, attempted use, or threatened use of physical against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives or *otherwise involves conduct that presents a serious potential risk of physical injury to another.* 18 U.S.C. § 924(e)(2)(B). The language which has been italicized is known as the "residual clause" of the ACCA.

For sentencing purposes, the court concluded movant's conviction for possessing a controlled substance with the intent to deliver and one of his convictions for delivery of a controlled substance should count as a single conviction under the ACCA because the conduct involved in each offense arose from the same transaction. However, the court concluded the conviction for conspiracy to commit aggravated robbery constituted a violent felony under the ACCA and that movant was therefore an armed career criminal subject to a mandatory minimum term of imprisonment of 15 years.[2]

On appeal, movant argued that the conviction for conspiracy to commit aggravated robbery did not qualify as a violent felony. However, the Fifth Circuit disagreed, finding that the offense qualified as a violent felony under the residual clause.

In 2015, the Supreme Court held that the residual clause of Section 924(e) was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). On April 18,

---

[1] A person who is convicted of possessing a firearm after having been convicted of a felony without being an armed career criminal is subject to a maximum term of imprisonment of 10 years.

[2] The PSR stated that if movant was not considered to be an armed career criminal, his sentencing range under the United States Sentencing Guidelines would have been 33-41 months.

2016, the Supreme Court held that *Johnson* applied retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 157, 1260-68 (2016).

In his motion to vacate, movant asserts that as the residual clause is now void, his conviction for conspiracy to commit aggravated robbery no longer qualifies as a violent felony. As a result, he no longer has three convictions that qualify as predicate offenses under the ACCA and should no longer be considered an armed career criminal. He states he is therefore entitled to be resentenced.

The government has filed a response to the motion to vacate. The government agrees that the conviction for conspiracy to commit aggravated robbery no longer qualifies as a predicate felony and that movant is therefore no longer an armed career criminal. The government further agrees that movant is entitled to be resentenced.

Based on *Johnson*, the court agrees with the parties that movant can no longer be considered an armed career criminal. As a result, his sentence will be vacated and he shall be resentenced.

## Conclusion

For the reasons stated above, this motion to vacate, set aside or correct sentence is meritorious. A final judgment shall therefore be entered granting the motion to vacate and vacating the sentence previously imposed.

**SIGNED this 21st day of June, 2016.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE